# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

AARON FENWICK,

        Plaintiff,

v.

SEABORNE VIRGIN ISLANDS, INC. and
SEASTAR HOLDINGS, INC.,

        Defendants.
_____

1:20-cv-00032-WAL-EAH

TO:    Aaron Fenwick, *pro se*

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte*.

On July 22, 2020, Plaintiff Aaron Fenwick, appearing pro se, filed his Complaint against Defendants Seaborne Virgin Islands, Inc. ("Seaborne") and Seastar Holdings, Inc. ("Seastar"). Dkt. No. 1. Summonses were issued that day. Dkt. Nos. 3 and 4. The Court granted his motion for permission to use electronic case filing. Dkt. No. 6. On November 20, 2020, Plaintiff filed proof of service on Defendant Seastar, showing that Amy McLaren of the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, accepted service on November 11, 2020. Dkt. No. 9. Plaintiff took no further action.

On March 4, 2021, the Court directed Fenwick to show cause by written response by March 18, 2021 why the matter should not be dismissed for failure to prosecute. Dkt. No. 10. Plaintiff responded on March 18 with three filings. The first filing was an Affidavit of Service executed by process server Renix Charles, who stated that on November 18, 2020, he delivered a copy of the Summons and Complaint to Laura Lee Berry for Marjorie Rawls

Roberts, Esq., St. Thomas, on behalf of Seaborne, by substituted service. Dkt. No. 12. The second filing was a one-sentence motion for entry of default against Seaborne and Seastar for failure to respond to the summons and complaint. Dkt. No. 13. The third filing was Fenwick's response to the Order to Show Cause, in which he explained that he was proceeding pro se, he was attempting to find legal representation, and as the Defendants had not responded to the complaint, he had just filed a motion for default. Dkt. No. 14. The Court discharged the order to show cause, declining to dismiss the case. Dkt. No. 15.

In the meantime, the Clerk's Office contacted Fenwick to correct certain of his docket entries. Dkt. Nos. 18-20. In a letter dated July 28, 2021, the Clerk's Office indicated that it had contacted him three times during April 2021 to advise him that a resident agent authorization document for Seastar was required to support the summons issued to that entity, the requested document had not yet been filed on the docket, and failure to file it may result in dismissal of his motion for entry of default. Dkt. No. 21.

On August 9, 2021, Fenwick filed a motion for a 90-day extension of time to file the resident agent authorization. Dkt. No. 22. On August 11, 2021, the Court granted the motion, allowing him to effectuate proper service on or before November 8, 2021. Dkt. No. 23. It also dismissed Plaintiff's Motion for Entry of Default, finding that Plaintiff had filed a deficient proof of service on Seastar. Dkt. No. 24

On November 13, 2021, Fenwick filed a document entitled "Proof of proper service on resident agent for Seastar Holdings and request for extension of time for proof of proper service on Seaborne Virgin Islands, Inc." Dkt. No. 25 (the "Supplement"). He explained that:

(1) Seastar Holdings changed its name to SBSH Winddown, Inc., as shown by a filing in Delaware Bankruptcy Court; (2) National Registered Agents, Inc. was indicated as the registered agent for SBSH Winddown, and Winddown's address was the same one that service had been made on Seastar Holdings, shown in the proof of service already on file with the Court (Dkt. No. 9); (3) the CT/NRAI Corporation Website showed the same business address as the address where service was made on Seastar in the proof of service on file with the court; and (4) an email confirmed that CT-NRAI was the registered agent for SBSH Window *Id*. at 2. All of this proved that service was made on the proper registered agent for Seastar. *Id.* Fenwick then asked for an additional 60 days to serve Seaborne. *Id.*

In January 2022, the Court issued an Order that found that Fenwick's Supplement, Dkt. No. 25, did not contain proof of service upon Seastar, and that as of January 12, 2022, 60 days had elapsed with no further filings from Fenwick. Dkt. No. 26. However, because of the Court's delay in addressing the Supplement and Fenwick's pro se status, it would exercise its discretion to provide him an additional 30 days to file proof of service on all Defendants—i.e., by February 21, 2022. *Id*.

On February 21, 2022, Fenwick filed a "Memorandum in Support of Proof of Service of Process." Dkt. No. 28. He asserted that, in its January 2022 Order, the Court had indicated that he had not provided proof of service on Seastar in his November 2021 supplemental filing (Dkt. No. 25): while that was true, it was already on file with the Court at docket no. 9. Dkt. No. 28 at 1. Taken together, the filings at docket numbers 9 and 25 showed proof of service on Seastar. *Id.* Regarding Seaborne, he attached the resident agent authorization he

received from the V.I. Lieutenant Governor's Office, where Marjorie Rawls Roberts was listed as the resident agent. Thus, service was perfected on both Defendants as evidenced by the proofs of service filed with the Court (Dkt. Nos. 9 and 12). *Id*. at 2.

At a March 15, 2022 status conference, then Magistrate Judge Cannon advised Fenwick that the Court was unable to provide legal advice, notified him again that the Defendants had not been properly served, and encouraged him to retain counsel if only for service. Dkt. No. 34 (Court notes). Fenwick stated he had hired a service agent and did not understand why service was improper, acknowledged that service was nevertheless improper, and asked that the case not be dismissed for failure to prosecute. *Id.* Nothing further appears on the docket.

This case was filed over four years ago and proper service still has not been effected on the two Defendants, despite numerous extensions. Federal Rule of Civil Procedure 4(m) provides that the Court must dismiss a complaint, either on motion or sua sponte, after notice to the plaintiff, or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The Clerk's Office has notified Fenwick of service issues, Dkt. No. 21, and the Court ordered service within a specified time on two occasions. Dkt. Nos. 23, 26. While Fenwick has clearly attempted proper service, his efforts have fallen short, and this case has not moved forward. During the March 2022 status conference, the Court urged him to employ counsel, if only to effect proper service, but that has not occurred, the service problems in this case have not been rectified since that time, and this case has not progressed off the starting block.

The Court will therefore hold a hearing on October 30, 2024 at 11:00 a.m. in person in STX Courtroom 3 and provide Fenwick with a final opportunity to show cause why this case should not be dismissed for failure to prosecute. If Fenwick does not appear at the hearing, the Court will recommend to the District Judge that this case be dismissed.

Accordingly, it is hereby **ORDERED**:

1. Fenwick shall show cause at a hearing on **Friday, November 1, 2024 at 11:00 a.m. in person in STX Courtroom 3** why this case should not be dismissed for failure to prosecute this action.

2. Should Fenwick fail to attend the hearing, thereby failing to set forth his intentions to prosecute this action, the Court will recommend to the District Judge that this case be dismissed for failure to prosecute.

3. Although the pro se Plaintiff has been granted permission to use electronic case filing, Dkt. No. 6, out of an abundance of caution, the Court orders the Clerk of Court to send a copy of this Order to the Plaintiff via certified mail, return receipt requested, and also by email at the email address on file with the Court.

ENTER:

Dated: October 7, 2024

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE